# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOLL CA, L.P., a California limited partnership; TOLL CA GP CORP., a California corporation; TOLL BROS., INC., a Delaware corporation; TOLL BROTHERS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SAFETY INDEMNITY COMPANY, an Oklahoma corporation; AMERICAN SAFETY RISK RETENTION GROUP, INC., a Vermont corporation,<br><br>Defendants. | Case No.: 16-cv-1523-BTM-AGS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND REMAND ACTION TO STATE COURT**<br><br>**[ECF NO. 23]** |

Plaintiffs Toll CA, L.P., a California limited partnership, Toll CA GP Corp., a California corporation, Toll Bros., Inc. ("Toll Bros."), a Delaware corporation, and Toll Brothers, Inc. ("Toll Brothers"), a Delaware corporation (collectively, "Plaintiffs"), have filed a motion for leave to amend their complaint and remand this action to state court. For the reasons discussed below, the motion will be denied.

**I.**   **BACKGROUND**

This insurance bad faith case was originally filed May 11, 2016, in the Superior Court of California, County of San Diego against American Safety Indemnity Company ("ASIC"), an Oklahoma corporation, and American Safety Risk Retention Group, Inc. ("ASRRG"), a Vermont corporation (collectively, "Defendants"). Plaintiffs allege Defendants wrongfully denied their tender of

defense and indemnification in connection with a construction defect action filed on August 17, 2012 by Yvette and Keith Palmquist in Ventura County Superior Court (the "<u>Palmquist</u> action"). The Palmquists sued Plaintiffs for construction defects in a housing development in Moorpark, California, including defects within the scope of work of one of Plaintiffs' project subcontractors, Ebensteiner Co. LLC ("Ebensteiner"). Pursuant to the requirements of the subcontract, Ebensteiner named Plaintiffs as additional insureds on commercial general liability ("CGL") insurance policies covering Ebensteiner's work at the Project, including two primary CGL insurance policies issued by ASRRG effective between August 1, 1999 and August 1, 2001, and four ASIC primary CGL policies that were effective between August 1, 2001 and August 5, 2005. Plaintiffs tendered their defense and indemnity under the policies to ASRRG and ASIC, but both ASRRG and ASIC denied coverage.

Plaintiffs' complaint states claims against Defendants for breach of written contract (failure to defend), declaratory relief (failure to defend), breach of written contract (failure to indemnify), declaratory relief (failure to indemnify), breach of the implied covenant of good faith and fair dealing, and violation of California Business & Professions Code § 17200. Plaintiffs seek damages, declaratory relief, and injunctive relief, including an injunction requiring ASIC "to review and re-evaluate its No Additional Insured Coverage Company Policy and adopt new, written company policies that are lawful and do not unreasonably deprive [Plaintiffs] coverage they are entitled to receive…." Compl. at 28:9-12.

On June 17, 2016, ASIC filed a notice of removal asserting jurisdiction on the basis of diversity of citizenship. The Court found the diversity allegations in the notice of removal deficient, and on June 27, 2016, issued an order to show cause ("OSC") requiring ASIC to respond by July 18, 2016 and provide information regarding the citizenship of the members of the limited partnership, as well as the principal places of business of the party corporations. ASIC responded on June

30, 2016, with the responsive information. (ECF No. 8.) The Court found the diversity requirements satisfied and vacated the OSC. (ECF No. 11.)

On January 6, 2017, Plaintiffs filed the instant motion. Plaintiffs state they discovered in November 2016 that ASIC had entered into a merger agreement with TIG Insurance Company ("TIG"), a California corporation, that took effect midnight June 30, 2016. Pursuant to the merger agreement, TIG is the surviving corporation, and TIG acquired all debts, liabilities, and duties of ASIC. Pls.' Mot. Ex. C (Merger Agreement) at § 2.4. Plaintiffs seek leave to add TIG as a defendant to the claims in their original complaint, and to assert new claims based on ASIC's and TIG's alleged denial of insurance coverage in connection with a second construction defect action currently pending in the Superior Court of California for the County of Contra Costa, <u>Seacliff at Point Richmond Owners Assoc. v. Toll Brothers, Inc., et al.</u>, Case No. C14-01267) (the "<u>Seacliff</u> action"). To the extent the Court grants their motion for leave to amend, Plaintiffs also move to remand on the ground that adding TIG as a defendant to this action results in the loss of diversity jurisdiction, since TIG and Plaintiff Toll CA GP Corp. are both California corporations.

TIG has appeared to respond to Plaintiffs' motion. TIG indicates it does not oppose being substituted as a defendant to the claims in Plaintiffs' operative complaint, but it maintains that its post-removal substitution as a defendant does not destroy diversity. However, TIG does oppose amending the complaint to add Plaintiffs' proposed new claims arising out of the <u>Seacliff</u> action.

After Plaintiffs filed this motion, on May 15, 2017, Plaintiffs and ASRRG reached a settlement and jointly moved to dismiss ASRRG from this case. (ECF No. 32.) The Court granted the motion on May 17, 2017. (ECF No. 34.)

**II.** **<u>REQUESTS FOR JUDICIAL NOTICE AND OBJECTIONS TO EVIDENCE</u>**

A. <u>Plaintiffs' Requests for Judicial Notice</u>

Plaintiffs have filed a request for judicial notice ("RJN"), which is unopposed.

The RJN attaches four documents: the operative complaints in the Palmquist and Seacliff actions (Pls.' RJN, Exs. A, B), as well as two orders issued by the trial court in an unrelated insurance coverage action, Pulte Home Corp. v. Amer. Safety Indemn. Co., San Diego Sup. Ct. Case No. 37-2013-00050682-CU-IC-CTL (Pls.' RJN Exs. C, D).

Pursuant to Federal Rule of Evidence 201, a federal court may take judicial notice of matters of public record, including pleadings and decisions from state court proceedings, "if those proceedings have a direct relation to the matters at issue." U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992); Doran v. Aus, 308 Fed. Appx. 49, 50 (9th Cir. 2009) (citing Papai v. Harbor Tug & Barge Co., 67 F.3d 203, 207 n. 5 (9th Cir.1995), rev'd on other grounds, 520 U.S. 548 (1997)). Judicial notice of official records extends only to the "existence of those matters of public record[, the] existence of a motion or of representations having been made therein…." United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). The scope of judicial notice does not encompass the veracity of disputed facts and opinions contained in the records. Id.

The Court grants Plaintiffs' RJN as to Exhibits A and B, since they are judicially-noticeable pleadings in the actions underlying Plaintiffs' current and proposed claims. With regard to Exhibits C and D, since TIG does not oppose the RJN, the Court will take judicial notice of the existence of both documents (including the title, author, and date of each order), but not of the truth of disputed findings therein. S. Cal. Edison Co., 300 F. Supp. 2d at 974.[1]

//
//

---

[1] Although the Court does not take judicial notice of the truth of the findings in the Pulte Home orders for purposes of this motion, it finds the evidence is discoverable in subsequent proceedings in this case relating to Plaintiffs' claim that ASIC had a pattern or policy of denying coverage. See Fed. R. Evid. 404(b).

B. <u>TIG's Requests for Judicial Notice</u>

TIG requests judicial notice of five documents. The first four are unpublished trial court decisions in unrelated lawsuits. TIG appears to rely on the decisions for their precedential value. TIG's RJN Exs. A-D. Plaintiffs object to judicial notice of these documents because they are non-citable trial court opinions in unrelated actions.

It is not necessary for TIG to seek judicial notice of legal opinions relied on for their precedential value. Rule 201 allows for judicial notice of "adjudicative facts," Fed. R. Evid. 201(a), which "are simply the facts of the particular case," Fed. R. Evid. 201, Adv. Comm. Note to Subd. (a), "those to which the law is applied." <u>Id.</u> While it is true that judges "are engaged in 'judicial notice' when they pull a lawbook off the shelves…," 21B Wright and Graham, <u>Fed. Practice and Proc.</u> § 5103.1, at 114 (2d ed. 2005), a formal request is not required to invoke judicial notice of precedential court decisions. The Court thus denies TIG's request for judicial notice of Exhibits A through D as outside the scope of Rule 201, but will nevertheless consider them for the purpose for which they have been offered, namely, as judicial decisions supporting particular propositions of law, although the Court agrees with Plaintiffs that the precedential value of such unpublished trial court decisions is minimal.

The fifth document attached to TIG's RJN is a copy of the online docket of the pending appeal of the <u>Pulte Home</u> matter to the California Court of Appeal, Fourth Appellate District, Division One. TIG's RJN Ex. E. Plaintiffs do not oppose judicial notice of this document. The Court grants TIG's RJN as to Exhibit E.

C. <u>Plaintiffs' Objections to Declaration of Robert Keaster</u>

TIG has submitted a declaration from its counsel, Robert Keaster, who relates his efforts to meet and confer with Plaintiffs' counsel regarding substitution of TIG as a defendant. Plaintiffs object to Keaster's declaration statement that Plaintiffs' counsel "never responded to my … offer to stipulate to substitute TIG

into the action," Keaster Decl. ¶ 7, as "conclusory, argumentative, self-serving, and lacks sufficient foundation." Pls.' Obj. at 2. The objections lack merit, and they were submitted as a separate document in violation of the Court's Chambers Rules. Hon. Barry Ted Moskowitz Civ. Chambers R. at 2, Objections, (Feb. 24, 2015), https://www.casd.uscourts.gov/Rules/SitePages/Home.aspx ("Any separately filed objections shall be stricken and will not be considered by the Court."). Accordingly, the objections are overruled.

### III. DISCUSSION

Although Plaintiffs seek leave to amend the complaint to add TIG as a defendant, and to add new claims based on the Seacliff action, Plaintiffs treat the proposed amendments as if their collective effect was only to add TIG as a party defendant. Plaintiffs contend TIG's addition is governed by the liberal standards of Fed. R. Civ. Proc. 15, as well as 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). Plaintiffs contend adding TIG as a party satisfies six factors courts typically rely on to determine whether to join a non-diverse defendant under § 1447(e), one of which is that TIG's joinder meets the permissive joinder requirements of Fed. R. Civ. Proc. 19. Pls.' Mot. at 17-18 (citing Palestini v. General Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

TIG maintains that although Plaintiffs treat the proposed amendments collectively, in reality, they are analytically distinct. To the extent the amendments would add TIG as a defendant to the claims in the original complaint, TIG does not oppose substitution. However, it contends its substitution as a defendant to those claims is based solely on its post-removal merger with ASIC, an amendment governed not by Rule 19, as advocated by Plaintiffs, but rather by Rule 25(c), which provides that "[i]f an interest is transferred, the action may be continued by or

against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." Fed. R. Civ. P. 25(c). TIG further argues that its substitution as a defendant under Rule 25(c) does not destroy diversity pursuant to Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991), in which the Supreme Court held that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action."

### A. Addition of TIG as a Defendant to Claims Arising from *Palmquist* Action

The Court agrees with TIG that Plaintiffs' proposed amendments are analytically distinct and addresses them in turn. Their first effect is to add TIG as a defendant to the claims in the operative complaint arising out of the Palmquist action. The Court agrees with TIG that its addition as a defendant to the claims asserted in the current complaint is based solely on its post-filing merger with ASIC, and as such, is governed by Rule 25(c).

Rule 25(c) addresses the addition of a party pursuant to a transfer of interest that occurs after the filing of the complaint. Fed. R. Civ. P. 25(c); In re Bernal, 207 F.3d 595, 596 (9th Cir. 2000). Here, TIG had no role in ASIC's denial of coverage to Plaintiffs in connection with the Palmquist action. Its addition as a defendant to those claims is based solely on its post-removal merger with ASIC and resulting acquisition of ASIC's debts and liabilities. TIG's addition as a defendant to the claims in the operative complaint is thus a "classic situation" to which the transfer of interest provisions of Rule 25(c) apply. See In re Bernal, 207 F.3d at 596.

Moreover, TIG's substitution as a defendant under Rule 25(c) pursuant to its post-removal merger with ASIC does not destroy diversity. Under Freeport-McMoRan, "diversity jurisdiction is to be assessed at the time the lawsuit is commenced," and once established, is not defeated by the later substitution of a nondiverse party to the action. 498 U.S. at 428, 430. As TIG's addition to this action is based on a transfer of interest that occurred after the complaint was filed

and removed to this Court, it is an alteration in the parties that, under <u>Freeport-McMoRan</u>, does not destroy the diversity jurisdiction that existed at the time of removal.

Plaintiffs contend TIG's addition as a defendant is governed by Rule 19, not Rule 25(c), and that the diversity-preserving rule of <u>Freeport-McMoRan</u> does not apply to parties added under Rule 19. Other district courts have rejected this argument. <u>See</u>, e.g., <u>Behrens v. Donnelly</u>, 236 F.R.D. 509, 516 (D. Hawaii 2006). In <u>Behrens</u>, plaintiff argued that while he sought to add a new defendant based on a post-filing transfer of interest, his motion was brought pursuant to Rule 19, not Rule 25(c), and reliance on Rule 19 took the case outside the purview of <u>Freeport-McMoRan</u> so as to result in a loss of diversity jurisdiction. 236 F.R.D. at 515-16. The court disagreed. "To restrict *Freeport-McMoRan* to motions brought under Rule 25 would … elevate form over substance…." <u>Id.</u> at 516. The Court finds the reasoning of the <u>Behrens</u> decision persuasive, and reaches the same conclusion here, namely, that Plaintiffs' invocation of Rule 19 does not make <u>Freeport-McMoRan</u> inapplicable or change the outcome of the diversity analysis.

Plaintiffs also argue that the fact they are seeking an injunction, a form of prospective relief that will be enforced, if at all, only against TIG, takes this case outside the analytical sphere of Rule 25(c) and <u>Freeport-McMoRan</u>. Not so. Under Rule 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Even where an action seeks an injunction against the originally-named transferor, "an injunction against the named party will bind all successors in interest and assigns." <u>Natural Resources Defense Council, Inc. v. Texaco Refining & Mktg., Inc.</u>, 2 F.3d 493, 506 (3d Cir. 1993); <u>see</u> <u>Sun-Maid Raisin Growers of Calif. v. Cal. Packing Corp.</u>, 273 F.2d 282, 284 (9th Cir. 1959). In <u>NRDC</u>, Texaco argued the district court erred in permanently enjoining it from committing future violations

of a National Pollutant Discharge Elimination System permit, because shortly after the action alleging the violations was filed, Texaco transferred both the permit and the related refinery to a different entity. 2 F.3d at 506. The district court denied substitution. The Third Circuit affirmed, holding that Rule 25(c) governed, and the "most significant feature of Rule 25(c) is that it does not require that anything be done after an interest is transferred." Id. Post-transfer, the NRDC's claims for injunctive relief thus could properly proceed against Texaco, but would remain binding on the transferee. Id.

Plaintiffs assert that De Long v. Bank of America, N.A., 2012 WL 1498868 (N.D. Cal. 2012), supports their position that a claim for injunctive relief takes their case outside the rule of Freeport-McMoRan and defeats diversity. In De Long, the district court sua sponte issued an OSC to determine whether diversity jurisdiction was lost after plaintiff amended the complaint to add a non-diverse transferee defendant, as well as a claim for constructive trust, a form of injunctive relief, against the transferee. The parties did not respond to the OSC, and the district court held it lost diversity jurisdiction when the transferee was added to the action. The Court does not find De Long persuasive, because in addition to being an unpublished trial court decision, the parties did not respond to the OSC, and the district court was not presented with, nor did it address, the possibility that Freeport-McMoRan, or Rule 25(c), governed the transferee's addition to the case.

Accordingly, the Court finds TIG's addition to Plaintiffs' claims in the operative complaint is governed by Rule 25(c) and Freeport-McMoRan, and that TIG's substitution as a defendant to those claims does not destroy diversity. However, this conclusion does not mean that TIG's substitution is required. Substitution is not mandatory under Rule 25(c) even where a transfer has occurred. Sun-Maid Raisin Grow. of Cal., 273 F.2d at 284; NRDC, 2 F.3d at 506 ("the most significant feature of Rule 25(c) is that it does not require that anything be done after an interest is transferred"). Rather, both the text of Rule 25(c) and

1  Ninth Circuit precedent make clear district courts have discretion in this regard.
2  See Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued
3  by or against the original party unless the court, on motion, orders the transferee
4  to be substituted in the action or joined with the original party."). Whether a court
5  should exercise its discretion in favor of substitution turns on whether the addition
6  of the transferee will facilitate the conduct of the litigation. In re Bernal, 207 F.3d
7  at 599.

8  Here, the Court is not convinced TIG's substitution will facilitate the conduct
9  of this litigation. While TIG consents to substitution, it has not affirmatively filed a
10  motion seeking substitution. Plaintiffs, for their part, oppose TIG's addition to this
11  action if it is accomplished pursuant to Rule 25(c) and does not result in remand.
12  In support of their opposition, Plaintiffs point out that the requirements for
13  substitution have not been satisfied, because neither party has filed a motion for
14  substitution under Rule 25(c), and because the service requirements for such a
15  motion have not been met. See Fed. R. Civ. P. 25(c) ("The motion must be served
16  as provided in Rule 25(a)(3)."). Plaintiffs' vigorous opposition to substituting TIG
17  as a defendant under Rule 25(c) suggests it only sought to add TIG as a defendant
18  to accomplish the remand of this case, and undermines the inference that TIG's
19  participation in this action would facilitate the conduct of this litigation.

20  Accordingly, in the absence of a motion under Rule 25(c), the Court declines
21  to sua sponte exercise its discretion in favor of TIG's substitution.

22  B. Addition of TIG as a Defendant to Claims Arising from *Seacliff* Action

23  In addition to seeking to add TIG as a defendant to the claims in their current
24  complaint, Plaintiffs also request leave to amend the complaint to add allegations
25  based on ASIC's and TIG's alleged denial of coverage in connection with the
26  Seacliff action. The proposed amendments include allegations that in November
27  2016, Plaintiffs tendered the defense of the Seacliff action to TIG, and TIG
28  wrongfully refused to accept their tender. Thus, TIG's connection with the Seacliff

claims is based not only on its status as successor-in-interest to ASIC, but also on its own acts of alleged misconduct, such that its addition as a defendant with regard to these claims falls outside the purview of Rule 25(c).

Although the proposed amendments arising from the Seacliff case would add new claims under state law, as well as a new plaintiff (Toll Land XIX L.P.) and a new defendant (TIG), Plaintiffs focus their arguments almost exclusively on the propriety of adding TIG as a defendant, arguing that leave to amend is proper under Rule 19 and § 1447(e). TIG contends leave to amend should be denied under Rule 18, which governs joinder of claims, on the ground that the proposed claims arising from the Seacliff action are too factually unrelated to the current claims arising from the Palmquist case to justify the amendment.

There is a threshold issue that neither party addresses, however, which is whether the Court has subject matter jurisdiction over the proposed new claims. Where a proposed amendment falls outside the court's federal subject matter jurisdiction, leave to amend must be denied. See, e.g., N.A.A.C.P.-Special Contribution Fund v. Jones, 732 F. Supp. 791, 796 (N.D. Ohio 1990); Coalition for a Sustainable Delta v. Federal Emergency Mgmt. Agency, 711 F. Supp. 2d 1152, 1174 (E.D. Cal. 2010) ("where jurisdiction is lacking, 'the district court ... ha[s] no power to grant ... leave to amend....'"). Here, the proposed new claims are brought under state law and are asserted between non-diverse parties. Thus, there is federal jurisdiction over the proposed claims, if at all, only if they fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

Section 1367(a) bestows federal supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction thus requires a "common nucleus of operative fact." City of Chicago. v. Int'l College of Surgeons, 522 U.S. 156, 165 (1997) (quoting United Mine Workers v. Gibbs, 383 U.S. 715,

725 (1966)). Here, Plaintiffs' proposed new claims arising out of the Seacliff coverage dispute do not share a common nucleus of operative fact with their current claims arising from the Palmquist action. The heart of the Palmquist coverage dispute is the now-settled Palmquist action, which involved a development in Moorpark, California, defects in that development, subcontractor Ebensteiner and the policies Ebensteiner procured from ASIC. The core of the Seacliff coverage dispute is the still-pending Seacliff construction defect action, which arises from a different development in Richmond, California, different alleged defects, the work of a different subcontractor, W.T. Cook, and different policies procured by that subcontractor. Even though certain policy language, and reasons given by ASIC in denying coverage, may overlap, the overlapping facts are not so pervasive, nor so central to each dispute, as to lead to the conclusion that both cases arise from a common nucleus of operative fact as required by § 1367(a). See Gonzalez v. United States, No. 2:15-cv-1997 MCE DB PS, 2016 U.S. Dist. LEXIS 160442, at *4 (E.D. Cal. Nov. 18, 2016) (holding state law negligence claim against driver who caused auto accident too unrelated to Federal Tort Claims Act claim against government for negligence in providing subsequent medical care to support exercise of supplemental jurisdiction over state law claim); Alcatel Lucent USA, Inc. v. Dugdale Commc'ns, Inc., No. CV 09-2140 PSG (JCx), 2010 WL 883831, at *6 (C.D. Cal. Mar. 5, 2010) (holding proposed new claims arising from a new, subsequent transaction not part of the same case or controversy as the claims arising from initial transaction). Accordingly, the Court does not have supplemental jurisdiction over the proposed new claims.

Moreover, even if the Seacliff claims did fall within the Court's supplemental jurisdiction, "the fact that a claim may satisfy § 1367(a) is not the end of the inquiry," because § 1367(b) "removes supplemental jurisdiction over certain claims asserted by plaintiffs in diversity of citizenship cases." 13D Wright, Miller, Cooper, Freer, Fed. Practice & Procedure § 3567.1 at p. 335 (3d ed. 2008). Section

1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b). The effect of § 1367(b) is to eliminate supplemental jurisdiction over state law claims asserted "by plaintiffs against persons made parties under Rule 14, 19, 20, or 24" where the parties are not diverse. Here, Plaintiffs' proposed new claims arising out of the Seacliff action fall within the scope of claims covered by § 1367(b), because they are asserted between non-diverse parties. Unlike TIG's addition as a defendant to the current claims arising from the Palmquist case, TIG is alleged to have participated in denial of coverage in connection with the Seacliff case, and thus its addition as a defendant to the latter claims is governed by Rule 19, as Plaintiffs contend. Therefore, the Court lacks supplemental jurisdiction over the proposed new claims under § 1367(b).

Because Plaintiffs' proposed new claims arising from the Seacliff action fall outside the scope of the Court's subject matter jurisdiction, Plaintiffs' motion for leave to amend to assert such claims must be denied. Coalition for a Sustainable Delta, 711 F. Supp. 2d at 1174.

C. Motion for Remand

Plaintiffs' motion for remand is dependent on the success of their motion for leave to amend. Because the Court denies the motion for leave to amend, Plaintiffs' motion for remand is likewise denied.

//
//

13

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Leave to Amend and Remand. The Court encourages the parties to consider stipulating to the substitution of TIG as successor-in-interest to ASIC.

IT IS SO ORDERED.

Dated: June 16, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court